USDC SDNY
DOCUMENT
ELECTRONICALLY FI?
DOC #: _____
DATE FILED: 10/25/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

YONGJIE LI,

           Plaintiff,

HIRO SUSHI AT
OLLIE'S INC., et al.,

           Defendants.
------------------------------------X

16 Civ. 6800 (HBP)

OPINION
AND ORDER

PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve their settlement (Docket Item ("D.I.") 35). All parties, with the exception of defendant Christopher J. Phelan ("Phelan"),[1] have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       The plaintiff and defendants other than Phelan (the "Settlement Defendants"), reached a proposed settlement agreement shortly after a mediation session was held and before I could schedule a settlement conference. Therefore, my knowledge of the

---

[1] Plaintiff alleges that Phelan is the "principal or majority shareholder" of defendants Hiro Sushi at Ollie's Incorporated, 160 Restaurant Concepts LLC, and Freedom Place Rest LLC. Plaintiff served Phelan with a summons and complaint at Phelan's actual place of business on September 6, 2016; it was accepted by defendant Cindy Rong, an employee of Phelan's (Affidavit of Service of Summons and Complaint, dated September 13, 2016 (D.I. 12)). Phelan has failed to make an appearance or file an answer in this case.

underlying facts and the justification for the settlement is limited to the complaint and counsels' representations in their motion seeking settlement approval (Complaint, dated Aug. 30, 2016 (D.I. 1); Letter of John Troy to the undersigned, dated Feb. 9, 2017 (D.I. 35) ("Troy Letter"), Ex. 1).

Plaintiff formerly worked as a deliveryman at defendants' two restaurants from approximately January 2015 until his termination on April 10, 2016. Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et al., and the New York Labor Law ("NYLL"), and seeks to recover allegedly unpaid minimum wage, overtime pay, spread-of-hours pay, equipment costs, misappropriated meal credits and penalties for failure to provide wage statements and notices under the NYLL. Plaintiff brought the action as a collective action, but reached a proposed settlement with the Settlement Defendants prior to conditional certification.

Plaintiff claims that, throughout the course of his employment with defendants, defendants knowingly and willfully paid him less than the minimum wage.[2] Moreover, plaintiff al-

---

[2] Plaintiff alleges that when he began working for defendants around January 2015, he was paid $5.65 an hour. Plaintiff alleges that he was paid at an hourly rate of $7.00 beginning May 1, 2015 until September 2015. Plaintiff alleges that his hourly rate dropped to $6.00 on October 1, 2015, and to
(continued...)

2

leges that defendants took unlawful "meal credit" deductions from his wages in order to make a profit and unlawfully took a tip credit. Exclusive of liquidated damages and penalties for statutory violations, plaintiff claims that he is entitled to $21,861.25 (Troy Letter, Ex. 2). However, plaintiff's counsel erred in calculating plaintiff's damages. The FLSA and NYLL are compensatory in nature and, therefore, plaintiff's actual damages are measured by the difference between the hourly rate plaintiff actually received and the greater of the state or federal minimum wage. <u>Chowdhurry v. Hamza Exp. Food Corp.</u>, No. 14-CV-150 (JBW), 2015 WL 5541767 at *6 n.7 (E.D.N.Y. Aug. 21, 2015) ("In order to avoid double recovery of damages, courts generally do not award damages under both federal and state law for the same hours worked."). In addition, a successful plaintiff in an action alleging violation of the FLSA and NYLL is entitled to recover liquidated damages under one statute or the other, but not under both. <u>Chowdhurry v. Hamza Exp. Food Corp.</u>, <u>supra</u>, 2015 WL 5541767 at *8. When this correction to plaintiff's damages calculations is made, plaintiff's actual damages for minimum

---

[2](...continued)
$5.00 on January 1, 2016. He was paid at the rate of $5.00 per hour until April 10, 2016, when he was terminated. The Federal and New York State hourly minimum wage rates in 2015 were $7.25 and $8.75, respectively. In 2016, New York State minimum wage rose to $9.00 an hour.

3

wage, overtime and spread-of-hour violation, exclusive of liquidated damages, are $14,533.00.

Defendants deny plaintiff's allegations. Specifically, the defendants argue that plaintiff was paid for all hours that he worked and was exempt from the FLSA and the NYLL.[3] Further, defendants argue that they are not "employers" within the meaning of the FLSA or the NYLL. Finally, defendants claim that they kept time records and provided the notices required by the NYLL.

The parties have agreed to a total settlement of $12,000.00. The parties have also agreed that $1,075.00 of the settlement figure will be allocated to reimburse plaintiff's counsel for their out-of-pocket costs,[4] $3,641.67 (or approximately 33%) of the remaining $10,925.00 will be paid to plaintiff's counsel as fees and the remaining $7,283.33 will be paid to plaintiff.

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settle-

---

[3] Settlement Defendants do not explain why plaintiff is exempt from the FLSA and/or the NYLL.

[4] The bulk of plaintiff's counsel's out-of-pocket costs are attributable to service fees. Plaintiff had to serve nine defendants (Troy Letter, Ex. 1).

4

ment." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bar-

>     gaining between experienced counsel; and (5) the possi-
>     bility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, although the net settlement amount, after deduction of costs and legal fees, represents roughly half (or 50.1%) of plaintiff's allegedly unpaid minimum wage, overtime pay and spread-of-hour pay, that fact does not render it deficient. Defendants allegedly kept records of the hours plaintiff worked. Additionally, defendants argue plaintiff was exempt from the minimum wage and overtime pay provisions of the FLSA and NYLL. As discussed in further detail below, given the risks these issues present, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. The settlement was reached prior to any extensive documentary discovery, depositions and dispositive motions. The settlement avoids the necessity of undertaking these tasks.

Third, the settlement will enable plaintiff to avoid the risks of litigation. As noted above, defendants contend that plaintiff was compensated appropriately. Moreover, defendants argue that plaintiff was an exempt employee and, therefore, not entitled to minimum wage and/or overtime pay. Defendants appar-

ently documented the number of hours that plaintiff worked. Thus, how much, or whether, plaintiff would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel and that counsel advocated zealously on behalf of their respective clients during negotiations.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were agreed upon at the end of a mediation session. This fact further negates the possibility of fraud or collusion.

The settlement agreement also contains a mutual release. It provides that plaintiff releases "defendants from federal and New York state wage and hour claims, which plaintiff has been [sic] alleged in the Complaint or which could have been alleged in the same against defendants. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted . . ." (Troy Letter, Ex. 1 ¶ 5).[5] Defendants also agree to "unconditionally and irrevocably give up and release, to the fullest extent permitted by law, . . . any and all actions, charges, complaints . . . that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants" (Troy Letter, Ex. 1 ¶ 5). Although the release of defendants is unlimited in duration and contains both known and unknown claims,

---

[5] Plaintiff have also agreed to dismiss claims against Phelan <u>without prejudice</u>. Fed.R.Civ.P. 41(a)(1) allows a plaintiff to "dismiss an action without a court order" by filing a motion of dismissal before the opposing party serves its answer. Because Phelan has not served an answer, court approval is not required for the dismissal of plaintiff's claims against Phelan. Plaintiff's claims against Phelan are dismissed without prejudice.

8

it is permissible because it is limited to claims relating to wage-and-hour issues. See e.g., Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. April 28, 2017) (Pitman, M.J.); Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.) (approving release that included both known and unknown claims and was limited to wage and hour claims); cf. Alvarez v. Michael Anthony George Constr. Corp., No. 11 Civ 1012 (DRH)(AKT), 2015 WL 10353124 at *1 (E.D.N.Y. Aug. 27, 2015) (rejecting release of all claims "whether known or unknown, arising up to and as of the date of the execution of this Agreement" because it included "the release of claims unrelated to wage and hour issues" (internal quotation marks omitted)).

Finally, the settlement agreement provides that one-third of the settlement fund, after deduction of plaintiff's counsel's out-of-pocket expenses, will be paid to plaintiff's counsel. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE),

2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sep. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice (except as to defendant Phelan) and without costs. The Clerk of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
October 25, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel